We'll hear the next case, United States v. Bonner. Good morning, Judge. Good morning. May it please the court. My name is Nicholas Pinto. Good morning, Judge Radji, Judge Winter, and Judge Chin. I represent Charles Bonner. I appeal to this court. We're here because last year the Supreme Court decided United States v. Davis, which held that the residual clause under 924C is unconstitutionally vague. Accordingly, all convictions based on Hobbs Act conspiracy as a predicate for 924C are invalid. Mr. Bonner pled guilty to conspiracy to commit Hobbs Act robbery and 924C based on that robbery. The government has conceded that it is an error and that it was plain on its face, but they say it was harmless because it didn't affect his substantial rights. To that end, they cited a case in their brief in Ray Navarro, a case out of the 11th Circuit, to say that the admission that the defendant carried a firearm in connection with an attempt to steal drugs from the stash house is sufficient. Mr. Bonner was charged with narcotics conspiracy in count one, and count three referenced that, right? In the indictment, yes, it did. In the indictment, yes. And the robbery was a drug-related robbery. They were going to rob drugs and then Bonner was going to distribute them, right? And he admitted to that. He did not admit to that, Judge. His plea agreement specifically referenced the Hobbs Act robbery and did not mention the drug conspiracy case. I'm sorry. No, go ahead. I was going to ask the same thing. I was going to say in his allocution, he acknowledges that they were robbing drug dealers and that that was the objective of the robbery. I think, Judge, respectfully, I think that's extrapolating a lot from his words. He used the words in regards to drugs. There are cases from the District Courts that have much more elaborate allocutions that have come out saying that it was not enough to establish... Our standard is, would we find that he would not have pleaded guilty? Your Honor, that's... Under these circumstances. And I think you've got a tough argument to make on that. I mean, are you telling us your client would not have pleaded guilty? Your Honor, I agree with you that I have a tough argument to make. And especially in light of our recent decision in the Dessard case. Your Honor, I think that Dessard is an interesting case because Dessard references Dominguez Benitez, which deals with a Rule 11 violation where the violation was that the defendant wasn't warned that he couldn't withdraw his plea if the judge didn't follow the government's recommendation. You know, it's based on judicial efficiency. And I think what we have here is a lot different than those arguments. And, you know, it's just... We're talking about a statute that was ultimately invalidated by the Supreme Court. And I think... But on one ground, on the Hobbs Act robbery, as Judge Chin has suggested to you, there seems to be a factual basis to think he satisfies the drug prong of the statute, which is not called into question by Davis or Barrett. And I understand that you've managed to show the first two prongs of plain error on the Hobbs Act robbery, but I don't understand how you satisfy the last two prongs of plain error, either the substantial rights or the integrity and public reputation of the judicial proceeding. Well, Honor, to the second prong of what you just mentioned, the government had no problem dismissing the case against Bonner's co-defendant Chappelle. And what's interesting here is that the only difference between the two is four words in regards to drugs, because Chappelle... If we're looking at the record as a whole... But the point is exactly, exactly. I mean, it makes a difference there. The four words say in regards to drugs. Your Honor, if you're saying that, then I respectfully disagree with you, because Chappelle and Davis in the indictment, it's the same crime, it's the same conspiracy, it's the same plea agreement, it's the same pre-sentence report. In fact, Chappelle is the one who brings Bonner into the conspiracy. And the only difference factually between the two is that when Bonner and Chappelle are arrested, there's no guns in Bonner's car. I'm not going to suggest to you it's not disquieting to have two different results in these cases, but that doesn't suggest that we should come up with two wrong ones. In addition to your client's guilty plea, there's also the pre-sentence report, which you just alluded to, which is unobjected to and makes even clearer the drug objective of this robbery. Do you disagree with that? Your Honor, there are certainly facts in the pre-sentence report that... So we come back to the critical question, which is how do you manage to show that he would not have pleaded guilty? The issue with the pre-sentence report is that you have in every statement in the pre-sentence report, it's Bonner and Chappelle. Now, I don't know what his district court counsel was thinking. I don't know the thinking there, but it's certainly, it's not unimaginable that they would have tried the case, or if there was a different plea available, they would have taken a different plea. I understand your argument that your client should not be treated different from Chappelle. I understand that. But putting that aside, on the record of his guilty plea and the unobjected pre-sentence report, how do you argue that your client would not have pleaded guilty if these errors had been identified? Your Honor, the only argument I can make to you, Judge, is if my client had known that Hobbs Act robbery was not a predicate to a 924C, he might not have taken that plea, and he may have negotiated something different with the government. Is might not good enough to demonstrate plain error? I'm sorry, Judge? Is might not good enough to satisfy your error burden? I understand your argument, Judge. I'm just asking questions. I'm not arguing. You have three minutes for rebuttal. We'll hear from the government. Can you quickly and clearly identify a reason why he would not have pled guilty to the drug charge, the drug conspiracy charge? Your Honor, I mean, for example, in the guidelines, is there anything in the guidelines? Maybe the 10-year mandatory minimum, Judge. Other than that, he may have tried it instead of pleading guilty to that. I can't tell you. The problem is, Judge, and I think as Judge Radgett pointed out, I can't tell you this definitively. Does he authorize this appeal? You make it sound like he may go back before the district court and say, I would have pled guilty to conspiracy to peddle drugs. Oh, no, no, no. I didn't say that, and I don't think I would say that. Has he authorized this appeal? Yes, Your Honor. I'm not saying that. Of course, you're not saying that. Does he risk anything by going back before the district court? I don't believe so, Judge. He's in a halfway house now, so I don't know. We're not looking to withdraw his plea. Okay. Excuse me. I'm sorry to have to ask this, but if you're not looking to withdraw his plea to his 924C conviction, what's the basis for that plea now? I don't know what would be the basis to his 924C conviction. Yeah, you're saying he's not looking to withdraw his plea. He pleaded guilty to that, didn't he? Yes, he did, Judge. Okay. I mean, I don't understand how you're looking to do anything other than vacate that conviction in its entirety. I apologize. I think I misunderstood the question. Okay, so now it goes back to the district court. Are you saying he wants to be charged? I don't know, Judge. In fact, I initially filed Amanda's brief, and Mr. Bonner filed this brief. I see. Okay. Thank you. Thanks, Judge. All right. Thank you. We'll hear from the government. Good morning, Your Honors. This is Edward Discant for the government. May it please the court, I represented the government before the district court as well. If I may, let me start where Judge Raggi and Judge Winter just were, because I think it goes to the heart of the matter and the heart of the analysis. Yes, this is a Rule 11 challenge at its core, and were the defendant to prevail and to withdraw his plea, he would indeed face reinstatement of charges, including the narcotics conspiracy and its 10-year mandatory minimum that the defendant and his counsel very carefully negotiated to avoid. This case is really on all fours with Dussard. We're looking to the record as a whole. It is very clear that the defendant's intent was to plead guilty to count three as charged in the indictment, which included both predicates, the Hobbs conspiracy and the narcotics trafficking offense, that his intent was to do so in order to gain relief from the mandatory minimum on the narcotics count, which he obtained. But the government to both predicates, right? That is correct, Your Honor. Okay, and that's the issue now. So tell us why the convictions can stand nevertheless. So yes, that's exactly right, Your Honor. The error here is in failing to more expressly predicate the 924C count in the plea agreement and at the plea proceeding on both the Hobbs Act and the narcotics offense as was charged in the indictment. The reason the government believes that the conviction can stand is because the defendant cannot, and indeed, you know, Mr. Pinto fairly carefully avoided saying that there was a reasonable probability that but for the error of the defendant would not have entered the plea. And that is for all of the reasons identified in Dussard, namely the record here overwhelmingly establishes that the defendant was intended to plead guilty to count three as it makes clear that the defendant didn't perceive any particular significance between whether count three was predicated on the Hobbs Act conspiracy or the narcotics offense. And the fact that the defendant didn't perceive any difference to his position from the distinction is made clear by all of the different ways in which the defendant either admitted in his own voice or did not object to the very factual findings and statements both at the plea proceeding and at sentencing that would have been necessary to correct this error. So Judge Raji, you noted previously the allocution in which the defendant discusses the fact that stealing narcotics was a component of or an object of the robbery. That's the sort of admission it likely would have been fleshed out, but that's the sort of admission that would have supported predicating count three more specifically on the narcotics offense. Similarly, the plea agreement includes the defendant's objection that the object of the robbery was to steal narcotics, and he was specifically allocated on that admission as part of the plea proceeding. There was discussion about the PSR, which is adopted without objection, which includes all sorts of facts that would have been sufficient to support correcting this error and more specifically predicating count three on count one in the plea agreement. And the district court also made her own factual findings when considering the 3553A factors at sentencing, none of which were objected to, which discussed the defendant's role in trafficking narcotics and his willingness to traffic narcotics in discussing the nature and the seriousness of the offense. The defendant's willingness to admit those facts or not object to any of those facts strongly belies the notion that had he been required to modestly tweak the plea agreement and modestly tweak his allocution to predicate count three more expressly on count one, that he would have done so because he still would have gotten the exact same deal. He still would have gotten the exact same guidelines range. He would have gotten the exact same mandatory minimum. And most importantly, he still would have avoided the 10-year mandatory minimum that he would have faced had he gone to trial on count one on the narcotics offense. Just a couple of other notes on that particular point. You know, the Dussard Court looked to to the party's intent in crafting the agreement. Here, you know, the defendant was charged with five co-defendants and yet the defendant was the first to plead guilty. He pled guilty almost a month before any of his co-defendants did and several months before trial. His sentencing argument focused the district court on the 60-month mandatory minimum on count three that he had negotiated for, an argument that would have been foreclosed had he chosen to reject the plea and gone to trial. Had he gone to trial, he would have faced a 15-year mandatory minimum, which obviously would be a very different thing. At the plea proceeding, his counsel was asked if he knew of any valid reason the defendant should not plead guilty or any valid defense that would prevail at trial. Defense counsel said no. All additional facts that strongly support the notion that had the plea agreement and the plea proceeding been very modestly tweaked, as of course it would have been had the plea agreement been negotiated after Davis, that the defendant still would have gone forward with the plea. The defendant talks a bit about the different outcome in Chappelle and, you know, just a couple of things on Chappelle. You know, first, you know, as was noted, Chappelle is factually different. Chappelle did not specifically allocute to narcotics in the way that Bonner did, but the Chappelle panel also did not have the benefit of either supplemental briefing on the Davis opinion or, more recently, the panel's published opinion in Bussard, both of which we believe might have resulted in a different outcome in that case. Chappelle also was not the first to plead guilty. He pled guilty more than a month later, and he faced a far higher guidelines range as a result of this plea, such that the calculus as to whether or not he would have gone forward. So with that, I'm certainly happy to answer any questions the panel has, but otherwise prepared to rest on our submission. Thank you. Mr. Pendell, you have some rebuttal time. Your Honor, I think that we've... I am now totally confused as to what relief Mr. Bonner is seeking. Your Honor, he's seeking to vacate his 924 C-count. No. Doesn't he have to vacate his plea to that? I would imagine so, Judge. And he understands the consequences of that. It's vacating the plea agreement. Your Honor, as I mentioned earlier to Judge Bragi, I hope he does, because he's the one who filed this. Like I said, I initially filed an Anders brief in this case, but I'm not sure if he's going to file an Anders brief in this case, and he's the one who filed his brief. So I'm going to assume... Yeah, but we've made it very clear to counsel who are tasked with filing Anders briefs, that they have to take into account whether the plea was in the appellant's best interest or not, and take that up with the appellant. You apparently have not taken it up with Bonner. Your Honor, I have, and I'm confident that Mr. Bonner understands the consequences of this plea, of the brief. So if we order the district court to vacate the plea, he'll be happy? That's what Mr. Bonner is looking for, Judge. Okay, thank you. Thank you, Judge. I appreciate the difficulty you have in answering this. Thank you, Judge. And if there's any other questions, I'll be happy to answer anything. Otherwise, I'll rest. Thank you. Thanks to both sides. The court will reserve decision.